IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 24, 2008

## GEORGE ALLEN KING v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**Nos. 86923    Kenneth F. Irvine, Judge**

**No.  E2008-00584-CCA-R3-PC- Filed February 11, 2009**

Petitioner, George Allen King, pled guilty to one count of robbery.  Pursuant to a plea agreement, he was sentenced to eight years as a Range II multiple offender.  He was placed on enhanced probation.  After the revocation of his probation within a year of his plea, Petitioner filed a petition for post-conviction relief.  Petitioner argued that he was afforded ineffective assistance of counsel and that his plea was not entered into voluntarily.  At the conclusion of a hearing on the matter, the post-conviction court denied the petition.  On appeal, Petitioner argues that the post-conviction court erred because Petitioner was under the influence of drugs at the time he entered the plea and that he believed he was to receive a six-year sentence as opposed to an eight-year sentence.   Because we find no credible evidence in the record to support Petitioner's claims, we affirm the decision of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and DAVID H. WELLES, J., joined.

Albert J. Newman, Jr., Knoxville, Tennessee, for the appellant, George Allen King.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; and Randall E. Nichols, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On June 29, 2006, Petitioner pled guilty to simple robbery.  The parties stipulated to the following facts at Petitioner's guilty plea hearing:

Your Honor, if called to trial in this matter, the State would call those witnesses listed on the indictment.  The substance of their testimony would be that

Mrs. Dorothy Irwin was walking in the parking lot of O'Charley's Restaurant at 3050 South Mall Road.

An unindicted – or an unknown female suspect got out of the car, grabbed her purse – grabbed the purse from Mrs. Irwin and ran to the car that was driven by [Petitioner]. The victim chased her purse and this woman to the vehicle, reached in and grabbed the purse.

[Petitioner] tried to drive away and ended up dragging the victim a number of feet through the parking lot. He finally stopped the car, and she let go and fell to the ground.

Pursuant to the plea agreement, Petitioner was sentenced to eight years as a Range II multiple offender. At the conclusion of Petitioner's sentencing, the trial court placed Petitioner on enhanced probation. In January of 2007, Petitioner's probation was revoked.

On May 29, 2007, Petitioner filed a Petition for Post-conviction Relief. In the petition, he argued that he agreed to a six-year sentence but was given an eight-year sentence. He argues that he was under treatment at a methadone clinic at the time he entered his plea; therefore, it was not entered knowingly. The trial court appointed counsel, and on August 23, 2007, Petitioner filed an amended petition arguing that he was afforded ineffective assistance of counsel.

## Post-conviction Hearing

On March 6, 2008, the post-conviction court held a hearing on the petition. Petitioner was the first witness. Petitioner testified that his trial counsel told him that the State offered six years on probation. Petitioner stated that he refused this offer. According to Petitioner, trial counsel sent him to the probation office to see if he would qualify for probation. Petitioner testified that he informed the person he met with that he had been on methadone for over a year. She told him he could not be on probation and be on methadone. She also told him he needed a job. A few days after the meeting with the probation office, trial counsel met Petitioner with the paperwork for the plea agreement. Petitioner said he did not want to accept the plea. Petitioner testified that he was on methadone at the time accepted the plea. He stated at the post-conviction hearing that when he looks back on the entry of his guilty plea, he did not really understand what was going on at the plea hearing. Petitioner did not realize he was agreeing to an eight-year sentence instead of a six-year sentence and enhanced probation instead of regular probation. Petitioner testified that he had told trial counsel that he was innocent of the charge. Also, Petitioner stated that trial counsel knew he was going to the methadone clinic. Petitioner stated that his plea was coerced by trial counsel because trial counsel told Petitioner that he would get a twelve-year sentence to serve if he did not enter the guilty plea.

On cross-examination, Petitioner admitted that he had a criminal history dating back to 1980 that included convictions for felony drug sales, felony theft, attempted burglary, and aggravated

burglary. With regard to the conviction at hand, Petitioner admitted that there were originally five counts against him. Petitioner agreed that he was arrested several times while on probation before having his probation revoked on January 16, 2007.

Trial counsel also testified at the post-conviction hearing. He testified that he represented Petitioner for his guilty plea. Trial counsel had no indication that Petitioner was under the influence of drugs or alcohol the day Petitioner entered his plea. Trial counsel also stated that Petitioner knew what was occurring.

On cross-examination, trial counsel stated that he went over the plea agreement, waiver of jury trial and entry of the plea. He stated that he went over the documents in detail. Trial counsel agreed that he underlined various phrases and passages in the documents concerning Petitioner's plea. This is part of his normal practice. Petitioner understood that he was agreeing to an eight-year sentence, but Petitioner was concerned about getting probation. Therefore, trial counsel and the District Attorney agreed to have a pre-plea report conducted. Trial counsel stated that he went over everything with Petitioner, and Petitioner agreed to the plea agreement as he pled to it. Petitioner did not say anything to him about being on drugs the night before or the day that the plea was entered.

At the conclusion of the post-conviction hearing, the post-conviction court denied the petition. On March 24, 2008, the post-conviction court entered an order denying the petition. The following findings of fact and conclusion of law announced from the bench were incorporated by reference:

> Mr. King, you're here today on your post-conviction case, and, as I understand it, you're saying that you didn't enter a knowing, intelligent, and voluntary plea because you thought it was a six-year sentence with probation rather than an eight-year sentence and probation.

> The – the record doesn't support your recollection of that. In the plea paperwork, it's clearly marked as an eight-year sentence. Judge Jenkins, on a couple of occasions, said eight years to you. He never said six years. And you got an eight-year sentence and were placed on probation.

> You have some problems on probation. You go through a couple of revocation issues, and ultimately, you're revoked and now are being required to serve this sentence.

> I credit the testimony of [trial counsel] that you understood what you were doing. I credit the – the transcripts of these proceedings that show that it was explained to you that it was an eight-year sentence. So your request for post-conviction relief will be denied.

Everything – the credible evidence says that you understood what you were doing, that you entered a plea for eight years with an application for probation. Probation was granted. So I'm going to find that you have failed to prove that it was not a knowing, intelligent, and voluntary plea; therefore, your relief will be denied.

Petitioner filed a timely notice of appeal.

## ANALYSIS

### Post-conviction Standard of Review

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

### Effective Assistance of Counsel and Voluntariness of Plea

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580.

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . .; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999).

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This Court may not second-guess a reasonably based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate the principle that guilty pleas be voluntarily and intelligently made. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citing *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). As stated above, in order to successfully challenge the effectiveness of counsel, the petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *See Baxter*, 523 S.W.2d at 936. Under *Strickland v. Washington*, 466 U.S. 668, 694 (1984), the petitioner must establish: (1) deficient representation; and (2) prejudice resulting from the deficiency. However, in the context of a guilty plea, to satisfy the second prong of *Strickland*, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *see also Walton v. State*, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

When analyzing a guilty plea, we look to the federal standard announced in *Boykin v. Alabama*, 395 U.S. 238 (1969), and the State standard set out in *State v. Mackey*, 553 S.W.2d 337 (Tenn. 1977). *State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1999). In *Boykin*, the United States Supreme Court held that there must be an affirmative showing in the trial court that a guilty plea was voluntarily and knowingly given before it can be accepted. *Boykin*, 395 U.S. at 242. Similarly, our Tennessee Supreme Court in *Mackey* required an affirmative showing of a voluntary and knowledgeable guilty plea, namely, that the defendant has been made aware of the significant consequences of such a plea. *Pettus*, 986 S.W.2d at 542.

A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he fully understands the plea and its consequences. *Pettus*, 986 S.W.2d at 542; *Blankenship*, 858 S.W.2d at 904. When evaluating the knowing and voluntary nature of a guilty plea, the United States Supreme Court has held that "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25 (1970). The court reviewing the voluntariness of a guilty plea must look to the totality of the circumstances. *See State v. Turner*, 191 S.W.2d 346, 353 (Tenn. Crim. App. 1995); *see also Chamberlain v. State*, 815 S.W.2d 534, 542 (Tenn. Crim. App. 1990). Specifically, a reviewing court must consider "the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from

counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial." *Blankenship*, 858 S.W.2d at 904.

In its findings of fact, the post-conviction court categorically stated that it accredited the testimony of trial counsel. Trial counsel stated that Petitioner was not under the influence of drugs when he accepted the plea. Trial counsel also testified that he went over all documents related to the plea agreement in detail prior to Petitioner accepting the plea. The plea colloquy is included in the record on appeal. This colloquy, as stated by the post-conviction court, includes the trial court's statement on more than one occasion that Petitioner's sentence was to be for eight years. We conclude that the evidence does not preponderate against the findings of the post-conviction court.

Petitioner has not shown that trial counsel was ineffective. Petitioner's argument is that trial counsel was coercive. However, the evidence from the post-conviction hearing shows the opposite. Therefore, Petitioner cannot meet the first prong set out in *Strickland*.

Likewise, Petitioner has not demonstrated that he did not knowingly, intelligently and voluntarily enter his guilty plea. There was no evidence other than Petitioner's testimony that trial counsel coerced him to accept the plea and that he was under the influence of drugs at the time. The post-conviction court previously determined that trial counsel's testimony was credible and Petitioner's was not. This is a finding of fact that is conclusive on appeal. In addition, the plea colloquy demonstrates that the trial court questioned Petitioner and that Petitioner understood his plea. Therefore, we find no evidence to preponderate against the post-conviction court's finding that the plea was entered into the plea voluntarily.

## CONCLUSION

For the reasons stated above, we affirm the post-conviction court's denial of the petition.

_____
JERRY L. SMITH, JUDGE